UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| STEVEN JAMES HALL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 14-112-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Steven James Hall is an inmate at the Federal Correctional Institution in Ashland, Kentucky.  Proceeding without counsel, Hall has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Hall's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.

1

2003).   At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On November 8, 2007, a federal magistrate issued a warrant for Hall's arrest based on a complaint for transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a).   However, federal marshals never served that warrant, and it was formally returned as unexecuted on April 11, 2008.   *United States v. Hall*, No. 1:07-MJ-117-DLH-1 (W.D.N.C. 2007).[1]   Instead, because Hall was already in state custody, federal marshals lodged a detainer with the Buncombe County Jail.   [D. E. No. 1-5][2]

On February 6, 2008, a federal grand jury sitting in Asheville, North Carolina handed down an indictment charging Hall with five counts of receiving, possessing, and/or transporting child pornography in violation of 18 U.S.C.

---

[1]   The Court takes judicial notice of records and information located on government websites because they are self-authenticating under Fed. R. Evid. 902.   *Cf. Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008).

[2]   Hall filed a memorandum in support of his petition [D. E. No. 1-1] which contains a number of factual assertions that are contradicted by the official record.   Contrary to his assertions here, the record in his criminal case establishes that: (1) Hall was taken into federal custody on April 7, 2008, pursuant to a writ of habeas corpus *ad prosequendum*, not by the November 8, 2007, arrest warrant; (2) he pled guilty without a written agreement; and (3) he did file a direct appeal, which was denied by the Fourth Circuit on May 6, 2010.

§§ 2252(a), 2256.  On April 28, 2008, the trial court accepted Hall's guilty plea, and on November 25, 2008, sentenced Hall to four 210-month terms of incarceration and a fifth 120-month term of incarceration, all to be served concurrently with one another.

On direct appeal, Hall's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) indicating her belief that no meritorious issues were presented by the appeal.  On May 6, 2010, the Fourth Circuit affirmed, rejecting Hall's claim that his guilty plea was not voluntary by noting his own testimony at the plea hearing and the trial court's compliance with Rule 11 to ensure that his plea was knowing, voluntary, and supported by an independent factual basis.  The Fourth Circuit also rejected Hall's speedy trial claim without discussion.  *United States v. Hall*, No. 1:08-CR-15-MR-1 (W.D.N.C. 2008).

On October 8, 2010, Hall filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, in which he claimed that his trial counsel was ineffective because she did not move to suppress evidence based upon an assertedly invalid search warrant, did not move to dismiss the case for a speedy trial violation, did not move to dismiss the indictment based on the "Silver Platter Doctrine," and did not object to the incorrect application of a prior conviction at sentencing.  The trial court denied Hall's § 2255 motion on July 15, 2013.  In doing so, it rejected as futile Hall's last-minute attempt to amend his petition to

3

assert that his counsel failed to communicate an offer of settlement to him under *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), noting that he had failed to allege or demonstrate either a reasonable probability that he would have accepted the plea offer or that the court would have done so. The Fourth Circuit denied his motion for a certificate of appealability on January 23, 2014. *Hall v. United States*, No. 1:10-CV-228-MR (W.D.N.C. 2010).

In his petition, Hall reiterates his allegation that he was held in a county jail since November 2007 without being charged with a crime or appearing before any judge until April 2008 in violation of his right to a speedy trial. He further alleges that his attorney told him that he would go to jail for life if he did not agree to plead guilty. [D. E. No. 1, pp. 2-4] Hall also alleges that his counsel failed to investigate potentially exculpatory information, and told him that he would not be able to call witnesses in his own defense if he proceeded to trial, and was therefore constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). [D. E. No. 1-1] Although he makes no argument in his petition or accompanying memorandum to this effect, in a separate affidavit Hall alleges that his trial counsel lied to him when she told him that she had filed motions to suppress evidence in his case, and that she "had turned down an offer of 5-7 years from the government" without informing him. [D. E. No. 1-4]

4

## II

Hall may not pursue his claims in a § 2241 petition. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*,

5

314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

None of Hall's claims fall within this narrow provision. Hall claims that his rights under the Speedy Trial Act were violated, that his trial counsel was constitutionally ineffective under *Strickland*, and that she was ineffective in plea negotiations under *Frye* and *Lafler*. But all of these claims are ordinary claims of trial error which could and should have been brought on direct appeal or in an initial motion under § 2255. Indeed, all of Hall's current claims are ones that he has, in fact, previously asserted on direct appeal or under § 2255, all without success. The Fourth Circuit rejected his speedy trial claims on direct appeal, and the trial court rejected that claim, along with his ineffective assistance claims under

*Strickland*, *Frye*, and *Lafler*, in his original § 2255 motion.  The remedy available under Section 2241 is not additional, alternative, or supplemental to the one provided under § 2255, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999), and Hall's mere failure to obtain relief under that provision does not *ipso facto* open the gateway to relief under § 2241.  Because Hall's claims do not state a viable claim for habeas relief under § 2241, his petition must be dismissed.

Accordingly, **IT IS ORDERED** that:

1.      Hall's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

This 6th day of January, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**